IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,127-01






EX PARTE THOMAS JOHN DURBIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W11-6082-K(A) IN THE CRIMINAL DISTRICT COURT #4 


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
evading arrest or detention, and was sentenced to ten years' imprisonment. 

 Applicant contends, inter alia, (1) that his trial counsel rendered ineffective assistance because
counsel failed to communicate a plea offer to Applicant, failed to advise Applicant of his appellate
rights, and failed to timely file a notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order counsel to respond to
Applicant's claims of ineffective assistance of trial counsel. Specifically, trial counsel shall state
whether the State extended any plea offers prior to trial, and if so, whether counsel communicated
such offers to Applicant. Counsel shall also state whether he advised Applicant of his right to appeal
in an open plea situation, and if so, whether Applicant indicated a desire to appeal. If Applicant
indicated a desire to appeal, counsel shall state whether or not he advised the trial court of
Applicant's desire to appeal, or moved to withdraw from the representation so that appellate counsel
could be appointed. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the State
made any plea offers, and as to whether trial counsel communicated any such offers to Applicant.
The trial court shall make findings as to why the plea papers reflect a recommendation from the State
of 15 months' state jail, and as to why Applicant was admonished as to the punishment range for a
third degree felony, rather than a second degree felony. The trial court shall make findings as to
whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed
to timely file a notice of appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: March 27, 2013

Do not publish

1. This Court has reviewed Applicant's other claims, in his original and amended
applications, and finds them to be without merit.